W. T. Joos

*v.*

State of Illinois.

*Opinion filed December 22, 1916.*

Statute of Limitations—*unliquidated claims—when filed.* Unliquidated claims must be filed within two years from the date the cause of action accrues.

Weil & Bartley, for Claimant.

P. J. Lucey, Attorney General, for State.

This is a claim presented by W. T. Joos against the State of Illinois for damages caused by a continuous nuisance.

Claimant, according to the statement filed herein, is the lessee of a farm in Peoria County, which adjoins certain lands leased by the owner thereof to the State of Illinois and used as a part of the State Rifle Range and known as "Camp Grant"; that shortly after claimant took possession under the lease above referred to, the State began the operation of the Rifle Range, and on July 7, 1910, various State troops and companies of the Illinois National Guard were engaged in rifle practice upon the lands leased by the State and adjoining claimant's property. That rifle practice began on September 18, 1909, and continued until the 28th day of November of that year, during all of which time neither the claimant nor his assistants were able to work in the fields, since they were within range of the bullets being fired by the troops and companies above referred to, while practicing target shooting; that the crops were not harvested at all nor utilized; that his corn fodder and second crop of clover were left a waste in the fields owing to the heavy snows falling shortly after the ends of the rifle practice. That rifle practice began on July 7, 1910 and continued until about October 30th, of that year, and during the following season commenced on or about July 2, 1911, and continued until October 30th following. That the claimant, being unable to operate his farm on that account, complained to the officers in charge of the Illinois National Guard, including the Adjutant General thereof, but without result, and in order to redress the wrongs, instituted in the Circuit Court of Peoria County, Illinois, a suit in chancery, praying that the officers of said Illinois National Guard, and the members thereof be restrained from so using said rifle range, but that no temporary injunction was issued by the Circuit Court; that after a protracted hearing in said court an injunction was issued, in accordance with the prayer of the bill, from which injunction order the State thereafter appealed to the Supreme Court. The Supreme Court on the

17th day of December, 1912, entered an order affirmaing the decree of the Circuit Court and making such injunction permanent. (W. T. Joos, Appellee v. The State National Guard, et al, 257 Ill. 138.)

The total claim as shown by the declaration, including attorney's fees, court costs, etc., incurred in and about the trial of said case and $750.00 alleged to be due through loss of crops, etc. amounts to $1,587.10.

To this claim the State has interposed a demurrer, urging that if the claimant has a valid claim that the statute of limitations interposes a bar to recovery.

That this rifle range constitutes a nuisance, for which the State is liable, there can be no question, both on principle and adjudication. *Crawford* v. *State,* 1 Ct. of Cl. R. 91; *Joos* v. *Ill. Nat. Guard, et al,* 257 Ill. 138; *Scanlan* v. *State,* 1 Ct. of Cl. R. 128; *Green* v. *State,* 1 Ct. of Cl. R. 173; *Hickox* v. *State,* 1 Ct. of Cl. R. 81; *Chicago Ball Club* v. *State,* 1 Ct. of Cl. R. 291. Court of Claims Act 1903.

The damaging of property by bullets during target practice carried on by the State Militia is not an act in which the servant could exercise his choice or make use of his judgment. It is the militia acting in strict subordination to the civil power. We believe that as conducted the rifle range at Camp Grant constituted a permanent nuisance of a kind already considered by this Court; but that the nuisance discontinued when the rifle practice ceased on October 30, 1911, and the declaration in this court was not filed with the Auditor of Public Accounts, who is ex-officio Clerk of this Court until April 26, 1914, more than two years after the nuisance abated, and is therefore barred by the Statute of Limitations. No legal liability rests upon the State to pay claimant's amounts paid out by him as costs and attorneys' fees in prosecuting the case in Peoria County and Supreme Court of this State. The demurrer is sustained and the petition dismissed.